**In re Ruthanna BRITTIAN d/b/a Carriage House Gallery, Debtor.**

**Bankruptcy No. 88–40412.**

United States Bankruptcy Court,
D. Montana.

Feb. 10, 1989.

Jerrold L. Nye, Billings, Mont., for debtor.

John Dostal, Billings, Mont., for Bradford Roofing & Insulation, Inc.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 11 case, a hearing was held January 17, 1989, on the Debtor's Objection to the Proof of Claim of Bradford Roofing & Insulation, Inc. (Bradford). Bradford filed a Proof of Claim as a secured creditor based on a Mechanic's Lien (now referred to by statute as a construction lien) which is in the amount of $5,663.00. The Debtor does not deny that Bradford is owed the $5,663.00, but asserts that Bradford is unsecured.

The Debtor asserts that Bradford is unsecured because it did not file a construction lien against Debtor's real property until after the Debtor's bankruptcy petition was filed. In this case the Debtor's Petition was filed June 16, 1988, and the construction lien was filed July 15, 1988. Bradford contends that the post-petition filing of the notice of lien is allowable under Sections 362(b)(3) and 546(b) of the Code. Section 362(b)(3) states, in pertinent part:

"The filing of a petition ... does not operate as a stay ... under subsection (a) of this section, of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title."

Section 546(b) states in pertinent part:

"The rights and powers of the trustee under section 544, 545, or 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an

entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement."

In the *Matter of Rief,* 83 B.R. 626, 629 (Bankr.S.D.Iowa 1988), the Court addressed the interaction of §§ 362(b)(3) and 546(b) when it stated:

"Thus, notwithstanding the automatic stay, postpetition action to perfect a lien is permissible as long as, under state law, perfection relates back to a pre-filing date."

In Montana, a construction lien is governed by Title 71, Section 3, part 5 of the Montana Code Annotated. Section 71–3–535 addresses when a construction lien attaches to the improved real estate. Section 71–3–535(5) states:

"Except as provided in subsection (6), a lien attaches at the commencement of work as defined in 71–3–522."

Subsection (6) of 71–3–535 simply addresses liens for "preparation of plans, surveys, or architectural or engineering plans or drawings" and is not applicable in this case. Thus, under Montana statutory law, perfection of a construction lien relates back to the commencement of work, which in this case is April 15, 1988, which is pre-petition. Numerous jurisdictions have allowed post-petition filing of construction or mechanic's liens to perfect pre-petition work. *See, In re Cantrup,* 38 B.R. 148 (Bankr.D.Colo.1984); *In re Maas,* 69 B.R. 245 (Bankr.M.D.Fla.1986); *In re Stuart, Inc.,* 17 B.R. 400 (Bankr.W.D.N.Y.1982).

The Debtor asserts that Montana law regarding construction liens must be differentiated from that of other states because of the language of § 71–3–542(2), M.C.A. Section 71–3–542(2), governing priority of construction liens as against claims other than construction lien claims, states:

(2) An interest, lien, mortgage, or encumbrance that is filed before the construction lien attaches has priority over a construction lien arising under this part, except as provided in subsections (3) and (4).

The Debtor asserts that the hypothetical lien created by § 544 of the Code, gives the Debtor–in–Possession an interest or lien that was filed before the construction lien was filed. However, the clear language of § 71–3–542(2), M.C.A., states that the interest or lien must be filed "before the construction lien attaches". As pointed out above, a construction lien attaches "at the commencement of the work". § 71–3–535(5), M.C.A. Accordingly, the Debtor's hypothetical lien status was as of the petition date, June 16, 1988, and the construction lien attached April 15, 1988. Therefore, the Debtor's hypothetical lien does not have priority over the construction lien.

IT IS ORDERED:

(1) That the objection of the Debtor to Bradford's Proof of Claim is denied and Bradford is a secured creditor; and

(2) That the Debtor shall have ten (10) days to file an Amended Plan of Reorganization that treats Bradford as a secured creditor, and incorporates the stipulation filed at the hearing on January 17, 1989.