**In re Conrad Lynn PETERSON, Tammara Lee Peterson a/k/a Tammy Peterson, Debtors.**

**In re Charles JOHNSTON, Lynne Johnston, Debtors.**

**In re Verna L. SKILES, Debtor.**

**Bankruptcy Nos. 89–20642–007, 89–20780–007 and 89–20783–007.**

United States Bankruptcy Court, D. Montana.

Oct. 12, 1989.

Kevin E. Vainio, Butte, Mont., for debtors/Peterson.

J. Mayo Ashley, Helena, Mont., for debtors/Johnston.

Joe Nascimento, Helena, Mont., for debtor/Skiles.

Ross P. Richardson, Butte, Mont., trustee.

ORDER

JOHN L. PETERSON, Bankruptcy Judge.

Hearings were held August 17, and August 24, 1989, on the Trustee's Objections to the Claims of a Homestead Exemption made by the three above-encaptioned Debtors. All three Chapter 7 cases are based on similar facts and law and, therefore, have been consolidated for administrative purposes in this decision.[1] The issues have

---

1. Two of the three above-captioned Debtors have filed a Motion to Dismiss their Chapter 7 case. These Motions have been objected to by the Trustee and will be addressed by separate orders in those cases.

been briefed and this Court deems these matters ripe for determination.

The facts in these cases are fairly simple. All three petitions were filed by the Debtors under Chapter 7 of the Code. Thereafter, a Chapter 7 Trustee was appointed in each case. In the course of administering the case, the Chapter 7 Trustee presided over the Section 341 meeting of creditors. At the § 341 meeting, the Trustee ascertained that each of the Debtors had not filed a Declaration of Homestead prior to the filing of their bankruptcy petition. Based on such fact, the Trustee has objected to any claim of a homestead exemption by the Debtors.

The issue before the Court is whether a Debtor may perfect a homestead exemption subsequent to the filing of a bankruptcy petition by filing a post-petition declaration of homestead.

 Pursuant to § 541(a) of the Code, an estate is created at the commencement of a case filed either section 301, 302 or 303 of the Code. 11 U.S.C. § 541(a).

"In order to establish uniformity with other provisions of the Code and to state a clear-cut date as of which rights should generally be determined, section 541(a) clearly establishes that the estate is created as of the date the case is commenced under section 301, 302, or 303. As was true under Section 70a of the Act, therefore, section 541(a) fixes the time of filing the petition initiating a clear proceeding under the Code as the date of cleavage. It is clear, therefore, that the critical time as of which the property comprising the estate is to be determined, and the rights of others connected with the proceeding adjusted, is the date upon which the petition is filed." 4 *Collier on Bankruptcy*, § 541.04, p. 541–22 (15th Ed.1989).

The Bankruptcy Appellate Panel for the Ninth Circuit recently addressed the importance of the petition date in *In re Combs*

*(Leppaluoto v. Combs)*, 101 B.R. 609, 613 (9th Cir. BAP 1989):

"The date of petition is seen as the critical date for several other determinations in a bankruptcy case. For example, it is on that date when the debtor's rights in exempt property are defined, despite a later change in circumstances. *In re Williamson*, 804 F.2d 1355 (5th Cir. 1986); *In re Sivley*, 14 B.R. 905 (Bankr. E.D.Tenn.1981)." [2]

Under § 541 of the Code, the estate is comprised of all legal and equitable interests of the Debtor in property, whether the property is exempt or not. A Debtor must actively claim an exemption or the exemption will not be effective. 11 U.S.C. § 522; 4 *Collier on Bankruptcy*, § 541.02, p. 541–16 (15th Ed.1989).

Once an estate is created, the Debtor must "file a list of property that the debtor claims as exempt". 11 U.S.C. § 522(1). Section 522(b) of the Code sets forth what property a Debtor may claim as exempt.

"(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection.

\* \* \* \* \* \*

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180–day period than in any other place; and

---

**2.** *Williamson* addressed the issue of the effective date from a conversion of the case from Chapter 11 to Chapter 7 and held the Chapter 11 petition date applied. *Williamson* was followed in *In re Magallanes*, 96 B.R. 253 (9th Cir. BAP

1988). A different effective date applies in a conversion of a Chapter 12 or 13 case to a Chapter 7. *In re Mutchler*, 95 B.R. 748 (Bankr. Mont.1989), citing *In re Lindberg*, 735 F.2d 1087 (8th Cir.1984).

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from the process under applicable nonbankruptcy law."

Pursuant to § 31–2–106, M.C.A. (1987), Montana has "opted out" of the Federal exemption scheme. Accordingly, § 522(b)(2)(A) is applicable in this jurisdiction.

In this case, all of the Debtors have complied with § 522(1) and claimed a homestead as exempt on their Schedule B–4. It is to these claimed homesteads that the Trustee objects. Counsel for one of the Debtors argues that the homestead becomes exempt simply upon the listing of the homestead pursuant to § 522(1). Such a contention is without merit for it ignores the right of the Trustee to timely object to a claim of exemption. Section 522(1) states, in ending:

"Unless a party in interest objects, the property claimed as exempt on such list is exempt."

Based on such language, the Code necessitates that a "party in interest" must object after the Debtor files his claimed exemption. Therefore, an exemption does not become valid simply by listing it pursuant to § 522(1).

State law must be applied to interpret state exemptions. *Myers v. Matley*, 318 U.S. 622, 63 S.Ct. 780, 87 L.Ed. 1043 (1943); *White v. Stump*, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924); *In re Mutchler*, 95 B.R. 748, 6 Mont.B.R. 388 (Bankr.Mont.1989). In Montana, homestead exemptions are to be liberally construed in favor of the Debtor. *Neel v. First Federal Savings and Loan Association*, 207 Mont. 376, 675 P.2d 96 (1984); *Oregon Mortgage Co. v. Dunbar*, 87 Mont. 603, 289 P. 559 (1930). However, in this case, the issue before the Court is whether the declaration of homestead exemption had to be filed before the bankruptcy petition so as to comply with Federal bankruptcy law. This issue hinges on the application of Federal law.

Under § 522(b)(2)(A) a Debtor is entitled to exempt for bankruptcy purposes "any property that is exempt under ... State or local law". For a homestead to be exempt under Montana law, it must be claimed as exempt in the manner prescribed by those laws. *See*, Mont.Code Ann., Title 70, Chapter 32. Thus any allowable exemption presupposes compliance with pertinent Montana law. In these cases, the Debtors each sought the protection of the Bankruptcy Code. Commensurate with the protection granted upon the filing of the petition, an estate was created consisting of all the Debtors' legal and equitable interests in property, and any property to be exempted from the estate must be determined based on the factors present on the date the petition was filed. 11 U.S.C. § 541(a); *In re Combs*, supra. Sections 70–32–105, 70–32–106, and 70–32–107, Montana Code Annotated, set forth what a Debtor must do to claim a homestead as exempt.

"70–32–105. Mode of Selection—declaration required. The person selecting a homestead must execute and acknowledge, in the same manner as a grant of real property is acknowledged, a declaration of homestead and file the same for record.

\* \* \* \* \* \*

70–32–106. Contents of declaration. The declaration of homestead must contain a statement that the person making it is residing on the premises and claims them as a homestead and a description of the premises.

\* \* \* \* \* \*

70–32–107. Declaration to be recorded. The declaration must be recorded in the office of the county clerk in which the land is situated."

In these cases, the Debtors had not recorded, as of the petition date, a declaration of homestead in accordance with the above statutes. Accordingly, as of the petition date, none of the Debtors had a valid homestead exemption. Yet, under Montana law,

section 70–32–101 provides that a homestead is exempt from execution or forced sale. The argument is therefore made that the Trustee has not sought to sell the property as a judgment lien creditor and therefore the declaration may still be filed up to the time of such sale. *In re Whidden,* 1 Mont.B.R. 219, 222 (Bankr.Mont.1985) held:

"The argument of the debtor that she may file a homestead exemption after commencement of the case and thereby preserve her homestead misses the point. It is true her interest in real property is determined by state law, *In re Hecht,* 51 B.R. 72, 75 (B.K.Vermont 1985), and Montana law allows a homestead declaration to be filed up to the actual day of the execution sale. However, the rights of the Trustee are federal questions to be determined by the Bankruptcy Code. 4 *Collier on Bankruptcy,* Sec. 544.02, pp. 544–8. Those rights, as noted above, are cut off and determined under section 541 as of the commencement of the case and any actions by the debtor to correct or change the status of the parties after that date are of no avail to the Debtor."

Regardless, therefore, of what rights the Debtor may have in a nonbankruptcy setting, the Bankruptcy Code determines the rights of the Trustee and creditors (with certain exceptions) as of the petition date.

The Debtors also assert that this Court should use its equitable powers to assure that the homesteads of the Debtors are preserved. The Debtors further request that this Court follow the pre-Code case of *Myers v. Matley,* supra, for the proposition that a homestead exemption may be filed post-petition. In *Myers,* the Supreme Court held that under § 70(a) of the Bankruptcy Act, a Debtor in Nevada could assert a homestead declaration post-petition. Section 541 of the Bankruptcy Code contains considerable changes from § 70(a) of the Bankruptcy Act.

"The Bankruptcy Code in section 541 eliminates any unnecessary, avoidable dependence on nonbankruptcy law. Section 541 provides that the commencement of a case creates an estate consisting, most importantly, of all legal or equitable interests of the debtor in property at the time of commencement of the case. Under this provision it will still be necessary to look to nonbankruptcy law, usually state law, to determine whether the debtor has any legal or equitable interest in any particular item. However, unlike the requirement of the Section 70a(5) of the Bankruptcy Act, it is not necessary under the Code to further determine whether nonbankruptcy law permits the debtor to transfer the property or permits the debtor's creditors to reach it. Although the debtor's interests in an item will be determined by nonbankruptcy law, the question of what constitutes property within the meaning of section 541 apparently remains a federal question." 4 *Collier on Bankruptcy,* § 541.02, p. 541–13 (15th Ed.1989). *See also,* H.R.Rep. No. 595, 95th Cong., 1st Sess. 367–68 (1977); S.Rep. No. 989, 95th Cong., 2nd Sess. 82–3 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787.

The *Myers* Court cites *White v. Stump,* supra, for the proposition that a state law which requires the filing of a declaration is valid only after the filing of the declaration which must be accomplished pre-petition.

"*White v. Stump, supra,* involved a homestead claimed pursuant to the law of Idaho, under which the declaration of homestead was required to be executed and acknowledged, like a conveyance of real property, and filed for record. The exemption arose when the declaration was filed and not before." *Myers,* 318 U.S. at 625, 63 S.Ct. at 782.

In *White v. Stump,* the United States Supreme Court held that a homestead declaration, filed post-petition was not effective as against the Trustee. Under Montana law, like Idaho, a declaration of homestead must be executed and filed before the exemption is valid. Accordingly, the holding of *White v. Stump,* while decided under the old Act, is still applicable under the 1978 Bankruptcy Code.

Further, in *Myers v. Matley,* the Supreme Court analyzed, under Nevada law, how the post-petition claim of a homestead would be effective against the Trustee as a hypothetical creditor under § 70(c) of the

Bankruptcy Act because no declaration of homestead is required to be filed to comply with the Nevada homestead law.

Finally, section 546(b) limits the Trustee's rights and powers under §§ 544, 545 and 549 of the Code. The issue then, does § 546(b) allow for the filing of the homestead declaration post-petition to preserve the exemption? Section 546 limits the Trustee's avoiding powers and with regard to this case, subsection (b) reads:

"(b) The rights and powers of a trustee under sections 544, 545 and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement."

However, the legislative history of § 546(b) states that the section applies to transactions between a creditor and the Trustee. H.Rep. No. 95–959, 95th Cong., 1st Sess. 371 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. p. 86 (1978). Accordingly, this subsection is not applicable to transactions between a Debtor and a Trustee. Furthermore, even as between creditors and the Trustee, the legislative history of § 546(b) states:

"The rights granted to a creditor under this subsection prevail over the trustee only if the transferee has perfected the transfer in accordance with applicable law, and that perfection relates back to a date that is before the commencement of the case."

Accordingly, since the homestead exemption statutes in Montana do not relate "back to a date that is before the commencement of the case" (as may be the case upon filing of a notice of construction lien under § 71–3–535(5), Mont.Code Ann.), a Debtor would not prevail against the Trustee, even if such section of the Code applied to a Debtor. *See, In re Brittian*, 106 B.R. 665 (Bankr.Mont.1989), discussing the relation back under state law and section 546(b).

In summary, under the Bankruptcy Code a "date of cleavage" is created upon the commencement of the case. What constitutes property of the estate and allowable exemptions are determined upon that date. 11 U.S.C. § 522(a), (b)(2)(B); *Combs*, supra. In these cases, the Debtors had not properly filed a declaration of homestead under state law as of the filing date of the bankruptcy petition. Accordingly, the Debtors are not entitled to claim or perfect such homestead exemption post-petition. Although this leads to a result contrary to state law that homestead exemptions are to be liberally construed in favor of the Debtor, this Court cannot use its equitable powers to circumvent the clear language of the Bankruptcy Code. If this case arose in a state like Nevada, where a homestead exemption is granted by statute dependent on possession without the necessity of filing a formal homestead declaration, the result would surely be different, for the homestead in that jurisdiction has been perfected at the date the bankruptcy petition was filed. But such is not the law in Montana, and the Trustee must therefore prevail.

IT IS ORDERED that the Trustee's Objections to the Claims of a Homestead Exemption made by these Debtors is sustained.