In re Loren GITTS and Mary Gay Gitts, dba Bernie Gitts Farms, Debtors.

Peter H. ARKISON, Trustee, Appellant,

v.

Loren GITTS and Mary Gay Gitts, Appellees.

BAP No. WW–89–1780–POAs.

Bankruptcy No. 89–02363.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 17, 1990.

Decided July 27, 1990.

---

**5.** We note that the trial order has allowed the North County charges as a general expense of administration.

Before PERRIS, OLLASON and ASHLAND, Bankruptcy Judges.

## OPINION

PERRIS, Bankruptcy Judge:

The trustee appeals from an order granting summary judgment. The bankruptcy court overruled the trustee's objection to the debtors' homestead exemption claim. We AFFIRM.

## FACTS

The debtors/appellees, Loren Gitts and Mary Gay Gitts ("debtors"), resided at 6006 Ridgeview Place ("Ridgeview Place property"), Ferndale, Washington, on April 3, 1989, the date they filed their Chapter 7 petition. In their schedules, the debtors claimed a homestead exemption for residential property located at 5655 Front Street ("Front Street property"), Ferndale, Washington. Although they had owned the Front Street property since 1965, the debtors had not lived there for several years. In late 1988, after determining that they could not afford to make the payments on the Ridgeview Place property, the debtors began fixing up the Front Street property with the intent to reside there.

On April 4, 1989, the day after the petition was filed, the debtors filed their Declaration of Homestead pursuant to R.C.W. 6.13.040(2) [1] indicating their intention to reside at the Front Place property and claiming it as their homestead. E.R. at 32. After the first meeting of creditors was held, trustee/appellant Peter H. Arkison ("trustee") filed an objection to the debtors' claim of a homestead exemption for the Front Street property on May 22, 1989. On May 25, 1989, the debtors, pursuant to RCW 6.13.040(2), filed a Declaration of Abandonment of their homestead located at

Peter H. Arkison, Bellingham, WA, for Appellant.

Laughlan H. Clark, Bellingham, WA, for Appellees.

**1.** RCW 6.13.040(2) provides:

(2) An owner who selects a homestead from unimproved or improved land that is not yet occupied as a homestead must execute a *declaration of homestead* and file the same for record in the office of the recording officer in the county in which the land is located. However, if the owner also owns another parcel of property on which the owner presently resides or in which the owner claims a homestead, the owner must also execute a *declaration of abandonment of homestead* on that other property and file the same for record with the recording officer in the county in which the land is located. (emphasis added).

6006 Ridgeview Place. E.R. at 41. The debtors moved to the Front Street property on June 4, 1989. E.R. at 42.

Ruling on cross motions for summary judgment on the trustee's objection to the debtors' claim of exemption, the bankruptcy court entered an order on August 10, 1989, allowing the exemption. The court concluded that the Declaration of Homestead was sufficient to defeat the trustee's status as a lien creditor or judgment creditor.

### ISSUE

Can a bankruptcy trustee defeat a homestead exemption claimed under Washington law by debtors who do not physically reside in the property on the date of bankruptcy when the debtors fail to file a declaration of homestead and an abandonment of presumed homestead until after the filing of the bankruptcy petition?

### STANDARD OF REVIEW

The grant of summary judgment is reviewed independently. *Richards v. Neilsen Freight Lines,* 810 F.2d 898, 902 (9th Cir.1987). After viewing the evidence in the light most favorable to the party opposing summary judgment, the appellate court must determine whether there are any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *In re New England Fish Co.,* 749 F.2d 1277, 1280 (9th Cir. 1984).

### DISCUSSION

The trustee asserts two distinct, but interrelated, arguments. First, he argues that the debtors are not entitled to the claimed homestead because they had not taken all the legal steps necessary to terminate their presumed homestead in the Ridgeview Place property and create a declared homestead in the Front Street property on the date they filed bankruptcy. Second, he argues that his avoiding powers [2] permit him to defeat the claimed homestead.

Several cases decided by the U.S. Supreme Court and Ninth Circuit under the Bankruptcy Act address the validity of a claimed homestead when a bankrupt had not filed a required declaration of homestead exemption until after he filed bankruptcy. The trustee argues that these cases are not applicable under the Code because whether exempt property is property of the estate differs between the Bankruptcy Act [3] and the Code.[4] This change has no significance in determining whether a debtor's asserted exemption is effective against the trustee. Consequently, the pertinent Act cases are still good law under the Code.

#### A. Act Cases

Even though a bankrupt's right to a homestead exemption was determined based upon the facts and applicable state law existing on the petition date under the Bankruptcy Act, 4 *Collier on Bankruptcy* ¶ 541.02[3] (15th Ed.1990), the cases discussed below held that a bankrupt who had not, but could have filed a homestead declaration required by state law pre-petition, could effectively assert his or her homestead exemption against the bankruptcy trustee if under state law a homestead declaration had priority over a judgment lien recorded before the homestead declaration.

---

**2.** For the reasons set forth in footnote 9, the possible application of the trustee's bona fide purchaser of real property power provided by § 544(a)(3) will not be considered in this opinion.

**3.** Section 70(a) of the Bankruptcy Act provided that the trustee was vested with the title of the bankrupt "except insofar as it is to property which is held to be exempt." 4 *Collier on Bankruptcy* ¶ 541.02[3] (15th Ed.1990).

**4.** The property of the estate includes, *inter alia,* all the legal and equitable interest of the debtor as of the commencement of the case. 11 U.S.C. § 541. Unlike the Act, the Bankruptcy Code does not exclude exempt property from property of the estate. 4 *Collier on Bankruptcy* ¶ 541.02[3]. Instead, by claiming exemptions, the debtor may remove exempt property from the bankruptcy estate and thereby place the exempt property beyond the reach of creditors. § 522(b); *In re Galvan,* 110 B.R. 446, 449 (9th Cir. BAP 1990).

In *White v. Stump*, 266 U.S. 310, 311–12, 45 S.Ct. 103, 103–04, 69 L.Ed. 301 (1924) the bankrupt's wife filed a declaration of homestead one month after the petition was filed. Under Idaho law a declaration of homestead had to be properly recorded in order to establish an enforceable exemption. A debtor who failed to record the homestead prior to the issuance of a levy by an executing creditor had no right to prevent the sale or to enforce his homestead against the executing creditor. *Id.* The Supreme Court determined that the bankrupt's claim of homestead exemption did not prevent the property from passing to the trustee [5] because on the date of the petition the bankrupt's land was subject to levy and sale. *See White* at 314, 45 S.Ct. at 104.

Several years later, in *Myers v. Matley*, 318 U.S. 622, 63 S.Ct. 780, 87 L.Ed. 1043 (1943), the Supreme Court again was faced with the same issue. This time the Court interpreted the Nevada homestead exemption statute and limited the scope of *White*. The Nevada statute provided for the husband, wife or both to claim a homestead exemption by signing, acknowledging, and recording a declaration of homestead. *Myers* at 626–27, 63 S.Ct. at 783. Unlike Idaho law, under Nevada law a debtor was entitled to his homestead exemption even if the declaration was made and recorded after levy but before the execution sale. *Id.* at 627, 63 S.Ct. at 783. Due to the differences in the Idaho and Nevada statutes, the Supreme Court found that the Nevada declaration of homestead was "equally effective against the trustee, whose rights rise no higher than those of the supposed creditor." *Id.* In sustaining the bankrupt's claim of exemption, the Court reasoned as follows:

> In conformity to the principle announced in *White v. Stump*, that the bankrupt's right to a homestead exemption becomes fixed at the date of the filing of the petition in bankruptcy and cannot thereafter be enlarged or altered by anything the bankrupt may do, it remains true that, under the law of Nevada, *the right to make and record the necessary declaration of homestead existed in the bankrupt at the date of filing the petition*, as it would have existed in case a levy had been made upon the property. The assertion of that right before actual sale in accordance with state law did not change the relative status of the claimant and the trustee subsequent to the filing of the petition. (emphasis added).

*Myers*, 318 U.S. at 628, 63 S.Ct. at 784.

In *Sampsell v. Straub*, 189 F.2d 379, 380 (9th Cir.1951), *different result upon reh'g*, 194 F.2d 228 (9th Cir.1951), *cert. denied*, 343 U.S. 927, 72 S.Ct. 761, 96 L.Ed. 1338 (1952), *rev'g In re Curmar Mfg. Co.*, 91 F.Supp. 647 (S.D.Cal.1950), the Ninth Circuit applied the *Myers* decision in analyzing the California homestead exemption law and initially upheld a homestead exemption where "the declaration of homestead, although duly executed and acknowledged by the spouses before they filed their petition in bankruptcy, was not recorded as required to become effective under California law until after bankruptcy adjudication" even though under California law the recording of a judgment created a lien which prevailed over a subsequently recorded declaration of homestead. Upon rehearing, the Ninth Circuit re-examined California law and decided that the trustee's powers as a hypothetical lien creditor under § 70(c) allowed the trustee "to override a tardily recorded homestead exemption." *Id.*, 194 F.2d at 231–32.

When again confronted with the same issue, the Ninth Circuit in *Schultz v. Mastrangelo*, 333 F.2d 278 (9th Cir.1964) came to a different conclusion when applying the *Myers* reasoning to the Arizona homestead law and determined that a declaration of homestead did not have to be recorded prior to the adjudication of bankruptcy in order for it to be effective against the trustee. Under Arizona law, unlike California law, a landowner was entitled to claim his exemption at any time up to the hour of the execution sale. *See Schultz* at 279.

**5.** See Footnote 3. Under the Act exempt property did not become property of the estate.

### B. Washington Homestead Exemption Law

■ Pursuant to RCW 6.13.010(1) a "homestead consists of the dwelling house or the mobile home in which the owner resides or intends to reside, with appurtenant buildings, and the land on which the same are situated.... Property included in the homestead must be actually intended or used as the principal home for the owner." Washington has two methods for claiming a homestead. An automatic homestead exemption is created under RCW 6.13.040(1) for "[p]roperty described in RCW 6.13.010 [which] constitutes a homestead and is automatically protected by the exemption described in RCW 6.13.-070 [6] from and after the time the property is occupied as a principal residence by the owner." A land owner can also select a declared homestead. "[I]mproved land that is not yet occupied as a homestead" is protected by the exemption "from and after the declaration or declarations required by [RCW 6.13.040] are filed for the record." RCW 6.13.040(1). Thus, in order to establish a valid declared homestead exemption, an owner must intend to reside on the property, record a declaration of homestead, and record a declaration of abandonment of any automatic homestead or any existing declared homestead.

■ Washington cases hold that if a judgment debtor files a declaration of homestead subsequent to entry of a judgment but before execution, the homestead property with equity less than the amount of the exemption is exempt from execution or forced sale. *Fed. Intermediate Credit Bank of Spokane v. O/S Sablefish*, 111 Wash.2d 219, 758 P.2d 494, 500 (1988) (en banc). Specifically, the court has enjoined a sale held under the general execution statutes when a declaration of homestead is filed at any time before the sale.[7] *Lien v. Hoffman*, 49 Wash.2d 642, 306 P.2d 240, 242 (1957); *accord Damascus Milk Co. v. Morriss*, 1 Wash.App. 501, 463 P.2d 212, 213 (1969) (a post-judgment declaration of homestead "supersedes and renders unenforceable" a judgment lien).

### C. Bankruptcy Code Cases

■ The Code continues the law in existence under the Act that a debtor who claims an exemption under state law must comply with the state law in effect at the time of the filing of his bankruptcy petition. *In re Golden*, 789 F.2d 698, 700 (9th Cir.1986) (under California law a debtor who fails to reinvest homestead proceeds within six months loses proceeds to trustee) *citing Myers v. Matley, supra*, and *White v. Stump, supra*. The right to exemptions under the Bankruptcy Code, like the Bankruptcy Act, is generally determined by facts as they existed on the date bankruptcy was filed.[8] *In re Combs*, 101 B.R. 609, 614 (9th Cir. BAP 1989) ("date of the petition is ... when the debtor's rights in exempt property are defined"); *compare*

---

**6.** RCW 6.13.070 provides in pertinent part:

> (1) Except as provided in RCW 6.13.080, the homestead is exempt from attachment and from execution or forced sale for the debts of the owner up to the amount specified in RCW 6.13.030.

None of the exceptions specified in RCW 6.13.080 apply to this case. The homestead exemption amount is limited to the lesser of the total net value of lands, mobile home and improvements or $30,000. RCW 6.13.030. "[T]he term 'net value' means market value less all liens and encumbrances." RCW 6.13.010(3).

**7.** Under Washington law a valid homestead exemption prevents an execution sale only when the owner's equity in the property is less than or equal to homestead exemption amount. If the owner's equity exceeds the homestead exemption, the creditor must record the judgment pursuant to RCW 6.13.090 to obtain a lien on the excess value of the homestead. In response to a creditor's application under RCW 6.13.100, the superior court will appoint an appraiser. Based on the appraiser's report, the superior court will order either (1) a division of the property allowing the owner to retain a homestead and the creditor to seek enforcement of the execution on the remainder of the land or (2) sale of the property under the execution with no bid to be received unless it exceeds the amount of the homestead exemption. RCW 6.13.150–.160.

**8.** The general rule that exemptions are determined as of the filing date has been narrowed for cases which convert from one chapter of the Code to another, a situation which is not present in this case. *See, In re Magallanes*, 96 B.R. 253, 255 (9th Cir. BAP 1988); *In re Winchester*, 46 B.R. 492, 493 (9th Cir. BAP 1984).

*with, Love v. Menick,* 341 F.2d 680, 682 (9th Cir.1965) ("Exemption rights are to be determined upon the basis of conditions existing at the time of the filing of the bankruptcy petition.").

The trustee argues that a different result exists under the Bankruptcy Code than under the Act when analyzing the validity of a post-petition declaration of homestead. He relies on *In re Peterson,* 106 B.R. 229, 232 (Bankr.D.Mont.1989) which holds that the post-petition declaration of homestead under Montana law does not create a valid homestead exemption notwithstanding Montana law which allows a valid homestead exemption to be filed up to the actual date of the execution sale. Likewise, the trustee argues that, even though the debtors claimed an exemption for the Front Street property on their schedules, the debtors were not entitled to perfect a homestead exemption for the Front Street property by filing a declaration of homestead post-petition.

We disagree with the reasoning in the *Peterson* case. On the one hand it adopts the holding in *White v. Stump, supra,* by reasoning that under Montana law, like Idaho law, a declaration of homestead must be filed before the exemption is valid. *Peterson,* 106 B.R. at 232. But on the other hand, *Peterson* misinterprets the holding and facts in *Myers v. Matley* by concluding that

> the Supreme Court analyzed, under Nevada law, how the post-petition claim of a homestead would be effective against the Trustee as a hypothetical creditor under § 70(c) of the Bankruptcy Act because no declaration of homestead is required to be filed to comply with the Nevada homestead law.

*Peterson,* 106 B.R. at 232–33.

This incorrectly characterizes Nevada law as applied by *Myers.* In fact Nevada law, as discussed above, did require that a declaration of homestead be filed. The key to the holding in *Myers* is whether a state's

law allowed a debtor to effectively claim a homestead exemption by filing a declaration of homestead after recordation of the judgment lien but prior to an execution sale. The *Peterson* case completely ignores this point.

Other Code cases have better reasoned interpretations of *Myers.* In *In re Sanford,* 8 B.R. 761 (N.D.Cal.1981) the district court stated:

> The Supreme Court, adhering to the long-established principle that 'a homestead is exempt [under the Bankruptcy Act] if, under the state law, it would be held exempt' *Myers v. Matley* (citation omitted) upheld an exemption claimed under Nevada statutes. The Nevada law required the filing of a declaration of homestead but allowed it to be recorded at any time before actual sale under execution. Thus, at the time of filing the petition in bankruptcy the debtor had the right to file for a homestead exemption and could preserve the exemption by recording. The court found that the trustee in bankruptcy had no greater right than a creditor who could be prevented from execution sale by recording of the homestead before the actual sale. In distinguishing its earlier decision in *White v. Stump* (citation omitted) the court noted that 'federal courts have generally so held ... where the state law was similar, in terms or in effect, to that of Nevada.' (citations omitted).

8 B.R. at 765; *see also In re Ford,* 3 B.R. 559, 574 (Bankr.D.Md.1980), *aff'd,* 638 F.2d 14 (4th Cir.1981).

Under § 544(a) of the Code the trustee has strong-arm powers similar to those under the former Act in § 70(c). Nothing in the Code supports the trustee's argument that the trustee should have the powers of a judgment lien creditor holding an execution sale on the filing date. Rather the trustee under § 544 is armed with the rights and powers of a judicial lien holder as of the commencement of the case.[9] *In re Weiman,* 22 B.R. 49, 50 (9th Cir. BAP

---

9. Under § 544(a)(3), a trustee would also have the status of a bona fide purchaser of real property from the debtor. We decline to consider the trustee's power to defeat the exemption by utilizing § 544(a)(3), however, because the trustee did not raise this argument in any meaningful way in the bankruptcy court.

1982), 4 *Collier on Bankruptcy* ¶ 541.02 (15th Ed.1990). "Section 544 ... cannot impart to the trustee a quality other than what would characterize the rights of a [state law] judgment creditor." *In re Martin*, 20 B.R. 235, 237 (9th Cir. BAP 1982) (a post-petition claim of an automatic exemption under California law could not be defeated by the trustee.)

■ In this case, prior to filing their bankruptcy case, the debtors took steps which provide support for their declared intention to reside at the Front Street property within a few months after filing bankruptcy. This factual evidence of the debtors' intention, which is not in dispute, satisfies a requirement of RCW 6.13.010(1). The debtors claimed a homestead exemption for the Front Street property on their original schedules and but for the delay of a messenger service would have filed their declaration of homestead on the same date. On the petition date, the debtors had the right under Washington law to file a declaration of homestead for the Front Street property and a declaration of abandonment for the Ridgeview Place property and thus create a valid homestead exemption against a judgment creditor up to the date of an execution sale.[10] Under *Myers* which looks at the rights of the debtor on the filing date to make and record the necessary declaration of homestead[11] and which holds that the trustee has no greater rights than a state law judgment creditor, the debtors' post-petition declarations are sufficient to create a homestead exemption under Washington law which is valid against the trustee.

---

**10.** *In re Anderson*, 824 F.2d 754 (9th Cir.1987), a case cited by the trustee, is inapplicable to this case. Under California law, the debtors' recorded pre-petition declaration of homestead for property in which they did not reside on the date of the petition was not valid because, due to a change in the state law, a property owner must reside in a declared homestead property in order to obtain all the benefits under the automatic homestead statute. Thus the only exemption available to the debtors which was sufficient to defeat the trustee was the debtors' automatic homestead exemption in their present residence. The peculiarities of California homestead law are not part of the Washington homestead act. Under Washington law a declared

## CONCLUSION

Under Washington law the debtors' post-petition filing of a declaration of homestead and declaration of abandonment created a valid declared homestead exemption enforceable against a prior recorded judgment lien. Consequently, we affirm the bankruptcy court's decision to grant the debtors' motion for summary judgment thereby overruling the trustee's objection and sustaining the debtors' claim of a homestead exemption in the Front Street property.

---

homestead and an automatic homestead create the same benefits. *See* RCW 6.13.040.

**11.** The additional requirement under RCW 6.13.040(2) that an owner file a declaration of abandonment for property on which the owner resides or claims a homestead does not change the analysis. *Myers* allows a debtor to perfect a homestead exemption by recording a declaration after the filing date if the state exemption statute satisfies certain criteria. Washington law, which satisfies the criteria, simply requires that under certain circumstances an owner must file two types of declarations instead of one in order to create a valid declared homestead.