**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE JESSLYN RENEE ANDERSON,
                              *Debtor*,

MICHAEL P. KLEIN, Chapter 7
Trustee,
                           *Appellant*,

            v.

JESSLYN RENEE ANDERSON,
                            *Appellee.*

No. 20-60014

BAP No.
19-1224

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Brand, and Gan, Bankruptcy Judges, Presiding

Submitted February 5, 2021[*]
Seattle, Washington

Filed March 1, 2021

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: M. Margaret McKeown and Richard A. Paez,
Circuit Judges, and William Horsley Orrick,[**]
District Judge.

Per Curiam Opinion

---

## SUMMARY[***]

### Bankruptcy

The panel affirmed the Bankruptcy Appellate Panel's judgment affirming the bankruptcy court's ruling that a debtor was entitled to a homestead exemption under Washington law.

The panel adopted in full the BAP's opinion and attached it as an appendix. The BAP concluded that the debtor, who occupied the homestead on the petition date, was entitled to her homestead exemption despite the fact that she moved out shortly thereafter and neither re-occupied the property nor filed a declaration of non-abandonment within six months of moving out.

---

[**] The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Thomas A. Buford and Richard B. Keeton, Bush Kornfeld LLP, Seattle, Washington, for Appellant.

Tom Lester, Lester & Associates P.C. Inc., Bellingham, Washington, for Appellee.

**OPINION**

PER CURIAM:

Appellant Michael P. Klein, Chapter 7 trustee of the bankruptcy estate of Jesslyn Renee Anderson ("Debtor"), appeals from a judgment of the Bankruptcy Appellate Panel affirming the bankruptcy court's ruling that Debtor was entitled to a homestead exemption under Washington law. We affirm for the reasons stated by the Bankruptcy Appellate Panel in its well-reasoned March 23, 2020 published opinion. *In re Anderson*, 613 B.R. 279 (B.A.P. 9th Cir. 2020). The opinion of the Bankruptcy Appellate Panel, which is attached as an appendix, is adopted in full.

**AFFIRMED.**

# APPENDIX

Case: 19-1224,  Document: 23,  Filed: 03/23/2020     Page 1 of 14

**ORDERED PUBLISHED**

FILED

MAR 23 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   WW-19-1224-LBG |
| JESSLYN RENEE ANDERSON, | Bk. No.   2:17-bk-15492-MLB |
| Debtor. | |
| MICHAEL P. KLEIN, Chapter 7 Trustee, | |
| Appellant, | |
| v. | **OPINION** |
| JESSLYN RENEE ANDERSON, | |
| Appellee. | |

Argued and Submitted on February 27, 2020
at Pasadena, California

Filed – March 23, 2020

Appeal from the United States Bankruptcy Court
for the Western District of Washington

Honorable Marc L. Barreca, Chief Bankruptcy Judge, Presiding

―――――

Case: 19-1224,  Document: 23,  Filed: 03/23/2020      Page 2 of 14

Appearances:     Richard Keeton of Bush Kornfeld, LLP, argued for
                 Appellant; Thomas E. Lester of Lester & Associates, P.S.,
                 Inc., argued for Appellee.

Before:  LAFFERTY, BRAND, and GAN, Bankruptcy Judges.

LAFFERTY, Bankruptcy Judge:

### INTRODUCTION

Michael P. Klein, chapter 7[1] trustee ("Trustee") of the bankruptcy estate of Jesslyn Renee Anderson ("Debtor"), appeals the bankruptcy court's order overruling his objection to Debtor's homestead exemption. Debtor was living in her homestead on the petition date, but she moved out shortly thereafter and neither re-occupied the property nor filed a declaration of nonabandonment within six months of moving out. Trustee contended that, despite the fact that Debtor occupied the homestead on the petition date, (1) she lacked the intent to reside there, and (2) under Washington law she had abandoned the property and was thus no longer entitled to claim the homestead exemption. The bankruptcy court distinguished the case law cited by Trustee and ruled that the Debtor was entitled to her homestead exemption despite the fact that she no longer

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "RCW" references are to the Revised Code of Washington.

2

Case: 19-1224,  Document: 23,  Filed: 03/23/2020     Page 3 of 14

occupied the subject real property.

We AFFIRM.

## FACTUAL BACKGROUND

Debtor filed a chapter 7 bankruptcy petition in December 2017. On her schedules, Debtor listed a 15 percent interest in real property on Brown Road in Ferndale, Washington (the "Property"), which she co-owns with her parents. She valued her interest in the Property at $90,000. On Schedule C, she claimed a homestead exemption of $125,000 under RCW §§ 6.13.010, 6.13.020, and 6.13.030. At her § 341 meeting, Debtor testified that shortly after filing bankruptcy, she got married and moved out of the Property to live with her husband.

In February 2018, Trustee filed an objection to Debtor's homestead exemption, objecting to the amount of the exemption and noting that Debtor was no longer living in the Property. He filed an amended objection in June 2019[2] in which he argued that Debtor was not entitled to a homestead exemption in the Property because (1) as of the petition date, she did not have a present intent to use the Property as her homestead; and

---

[2]Debtor argued in the bankruptcy court that the June 2019 amended objection was untimely, but the bankruptcy court found that the initial objection raised the pertinent issues sufficiently so that the amended objection related back to the timely initial objection. Although Debtor argues in her brief that Trustee waived his objection to the homestead exemption with his delay, she did not cross-appeal the bankruptcy court's finding that the amended objection was timely. We thus lack jurisdiction to consider the issue. *See Leavitt v. Alexander (In re Alexander)*, 472 B.R. 815, 824-25 (9th Cir. BAP 2012).

3

(2) under Washington law, she had abandoned the Property post-petition by failing to reside there for six months or to file a declaration of homestead. Debtor responded to the objection, arguing that, under the "snapshot rule," bankruptcy exemptions are fixed as of the petition date and thus the fact that she had moved out of the Property shortly after filing was irrelevant.

The bankruptcy court held an initial hearing at which it heard argument and took the matter under advisement. At the final hearing on the objection held on August 22, 2019, the bankruptcy court overruled Trustee's objection.

Trustee timely appealed.

### JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

### ISSUE

Whether the bankruptcy court erred in overruling Trustee's objection to Debtor's homestead exemption.

### STANDARD OF REVIEW

The bankruptcy court's application of state exemption law is a question of statutory construction that is reviewed de novo. *See Cisneros v. Kim (In re Kim)*, 257 B.R. 680, 684 (9th Cir. BAP 2000). We also review de novo the question of whether property is included in a bankruptcy estate.

Case: 19-1224, Document: 23, Filed: 03/23/2020     Page 5 of 14

*Id.* De novo review is independent, with no deference given to the trial court's conclusion. *Barclay v. Mackenzie (In re AFI Holding, Inc.)*, 525 F.3d 700, 702 (9th Cir. 2008).

## DISCUSSION

Under § 522(b)(2), each state may "opt out" of the federal exemption scheme and limit its residents to the state-created exemptions. Washington has not "opted out." Therefore, a debtor in Washington may choose either the exemptions afforded under state law or the federal exemptions under § 522(d). Here, Debtor selected the Washington exemption scheme, which provides, in relevant part, that a "homestead consists of the dwelling house or the mobile home in which the owner resides or intends to reside, with appurtenant buildings, and the land on which the same are situated . . . . Property included in the homestead must be actually intended or used as the principal home for the owner." RCW § 6.13.010(1). Washington has two methods for claiming a homestead. *Arkison v. Gitts (In re Gitts)*, 116 B.R. 174, 178 (9th Cir. BAP 1990), *aff'd*, 927 F.2d 1109 (9th Cir. 1991). "Property described in RCW 6.13.010 constitutes a homestead and is automatically protected by the exemption described in RCW 6.13.070[3] from and after the time the property is occupied as a principal residence by the owner . . . ."

---

[3]RCW § 6.13.070 provides, in relevant part: "[T]he homestead is exempt from attachment and from execution or forced sale for the debts of the owner up to the amount specified in RCW 6.13.030."

RCW § 6.13.040(1). In other words, if the owner resides on the property as her principal residence, the property is automatically protected by the homestead exemption. Alternatively, if the owner is not residing in the property, she may establish a homestead by recording a declaration of homestead stating that she intends to reside on the premises and, if applicable, by recording a declaration of abandonment of any automatic homestead or any existing declared homestead. *In re Gitts*, 116 B.R. at 178; RCW § 6.13.040.

Washington law also provides that "[a] homestead is presumed abandoned if the owner vacates the property for a continuous period of at least six months." RCW § 6.13.050. The owner may avoid the presumption of abandonment by filing a declaration of nonabandonment of homestead with the appropriate county recorder. *Id.*

Washington exemption statutes are liberally construed in favor of protecting family homes. *See Jefferies v. Carlson (In re Jefferies)*, 468 B.R. 373, 380 (9th Cir. BAP 2012) (citing *In re Dependency of Schermer*, 169 P.3d 452, 465-66 (Wash. 2007); *Pinebrook Homeowners Ass'n v. Owen*, 739 P.2d 110, 113 (Wash. Ct. App. 1987)).

When the homeowner files bankruptcy, her right to claim an exemption is fixed as of the petition date; this is often referred to as the "snapshot rule." *Wolfe v. Jacobson (In re Jacobson)*, 676 F.3d 1193, 1199 (9th Cir. 2012) (citing *White v. Stump*, 266 U.S. 310, 313 (1924)); *see also Hopkins v.*

6

Case: 19-1224,  Document: 23,  Filed: 03/23/2020      Page 7 of 14

*Cerchione (In re Cerchione)*, 414 B.R. 540, 548 (9th Cir. BAP 2009) ("A debtor's entitlement to claimed exemptions generally is determined as of the date of such debtor's bankruptcy filing."). Under § 522(b)(3)(A), exemptions are to be determined in accordance with the state law applicable on the date of filing. *In re Jacobson*, 676 F.3d at 1199. The entire state law applicable on the filing date is determinative of whether an exemption applies. *Id.* (citing *Zibman v. Tow (In re Zibman)*, 268 F.3d 298, 304 (5th Cir. 2001)). *See also In re Wieber*, 347 P.3d 41, 44 (Wash. 2015) (court must consider the entire homestead exemption chapter to answer certified question of whether homestead applies extraterritorially to real property in other states).

In his appellate brief, Trustee did not dispute that, as of the petition date, Debtor was living in the Property and was thus entitled to the automatic homestead exemption on that date, and he seemed to have abandoned any argument that she was required to have an intent to continue to reside there. At oral argument on appeal, however, counsel for Trustee argued that because Debtor moved out shortly after the petition date, she could not have intended to continue living in the Property on that date. But, as the bankruptcy court aptly noted in its oral ruling, the plain language of Washington's homestead statute reflects that Debtor was entitled to an automatic homestead exemption on the petition date, so long as she was occupying the Property as her principal residence, regardless of her future plans: "Property included in the homestead must be actually

7

Case: 19-1224,  Document: 23,  Filed: 03/23/2020     Page 8 of 14

intended **or** used as the principal home for the owner." RCW § 6.13.010(1)

(emphasis added). In other words, if the owner is occupying the homestead

property as of the petition date, the inquiry ordinarily ends there; intent

comes into play only if the owner does not occupy the property. Trustee

has cited no cases to the contrary, nor have we found any.[4]

But Trustee's primary argument on appeal is that under Washington

law, Debtor's right to claim the homestead exemption was conditional

upon her remaining in the Property or filing a declaration of

nonabandonment and, because she did not, she automatically lost the right

to the exemption after six months had passed.

Trustee has not cited any controlling or analogous case law involving

the specific provision of the Washington exemption statute at issue here,

nor have we found any. Trustee relies on Ninth Circuit cases holding that,

although exemption rights are fixed as of the petition date, those rights are

subject to whatever contingencies may be placed upon them by other

applicable provisions of state homestead law. *See In re Jacobson*, 676 F.3d

1193; *In re Gitts*, 116 B.R. 174; and *England v. Golden (In re Golden)*, 789 F.2d

---

[4]As discussed below, the Ninth Circuit in *In re Jacobson* held that a debtor lost her homestead exemption, despite having apparently lived in the homestead on the petition date, when she failed to reinvest the proceeds of a post-petition judicial sale within the six-month period prescribed under California law. But *Jacobson* appears to be an outlier in holding that post-petition events may impact a debtor's right to an exemption. In any event, that case is both factually and legally distinguishable from the matter presented here. Importantly, the debtor's intent (or lack thereof) was not at issue in *Jacobson*.

698 (9th Cir. 1986).

In *Golden*, the debtor had sold homestead property pre-petition and declared the proceeds exempt under California law, but failed to reinvest the proceeds within six months as required under California exemption statutes, as interpreted by California courts. 789 F.2d at 700 (citing *Thorsby v. Babcock*, 36 Cal. 2d 202 (1950)). After that period expired, the bankruptcy court granted the chapter 7 trustee's motion for turnover of the proceeds. The Ninth Circuit affirmed, citing the California reinvestment requirement, and holding that "when the debtor fails to reinvest homestead proceeds within a period of six months in which the debtor has control of those proceeds, the proceeds should revert to the trustee." *Id.* The court noted that the policy behind requiring reinvestment is to "prevent the debtor from squandering the proceeds for nonexempt purposes. Acceptance of the debtor's position would frustrate the objective of the California homestead exemption and the bankruptcy act itself, which limits exemptions to that provided by state or federal law." *Id.*

In *Jacobson*, the Ninth Circuit expanded *Golden* to the situation where the homestead was sold post-petition. There, a chapter 7 debtor claimed a California homestead exemption in property that was her residence on the petition date. The bankruptcy court lifted the stay for a judgment creditor to foreclose on the residence, and the debtor received the amount of her homestead exemption from the proceeds of the sale. As in *Golden*, the

9

debtor did not reinvest the proceeds within six months, and the chapter 7 trustee sought turnover of the proceeds to the estate. The bankruptcy court denied the trustee's motion, reasoning that the exemption was fixed as of the petition date, and this Panel affirmed. The Ninth Circuit Court of Appeals reversed. It reasoned that, under *Golden*, the debtor's right to a homestead exemption was contingent on the proceeds being reinvested within six months of receipt. Because the debtor did not abide by that condition, the Circuit held that she had forfeited the exemption. *In re Jacobson*, 676 F.3d at 1199.

Trustee also cites *In re Gitts*, a case decided under Washington exemption law. There, chapter 7 debtors did not reside in their intended homestead as of the petition date because they were in the process of renovating it, but they nevertheless claimed an exemption in it and, one day post-petition, filed a declaration of homestead for that property. The chapter 7 trustee filed an objection to the exemption, which the bankruptcy court overruled. This Panel affirmed, reasoning that, as of the petition date, the debtors had the right to file a declaration of homestead for their intended residence and

> thus create a valid homestead exemption against a judgment creditor up to the date of an execution sale. Under *Myers* [*v. Matley*, 318 U.S. 622 (1943)] which looks at the rights of the debtor on the filing date to make and record the necessary declaration of homestead and which holds that the trustee has no greater rights than a state law judgment creditor, the

debtors' post-petition declarations are sufficient to create a homestead exemption under Washington law which is valid against the trustee.

*Id.* at 180 (footnotes omitted).

Read together, these cases support Trustee's position that the right to a homestead exemption is subject to whatever rights and limitations are provided by the particular state's exemption statutes. But that conclusion does not lead to the result Trustee proposes. He urges us to read RCW § 6.13.050[5] as expressly conditioned on the owner using the property as a dwelling, or if an owner cannot show occupancy and use, recordation of a declaration of nonabandonment. Under Trustee's interpretation, once Debtor moved out of the Property and failed to file a declaration of nonabandonment, her interest in the Property reverted to the estate after six months passed.

We decline to read the statute so broadly, particularly in light of the principle that Washington exemption statutes are to be interpreted liberally

---

[5]RCW § 6.13.050 provides, in relevant part:

A homestead is presumed abandoned if the owner vacates the property for a continuous period of at least six months. However, if an owner is going to be absent from the homestead for more than six months but does not intend to abandon the homestead, and has no other principal residence, the owner may execute and acknowledge, in the same manner as a grant of real property is acknowledged, a declaration of nonabandonment of homestead and file the declaration for record in the office of the recording officer of the county in which the property is situated.

in favor of protecting family homes. *Schermer*, 169 P.3d at 465. The provision does not impose a requirement or condition; it simply creates an evidentiary presumption, which may be rebutted. *See* Fed. R. Evid. 301. Moreover, the cases cited by Trustee are all distinguishable. In *Golden* and *Gitts*, the debtors did not reside in their homesteads as of the petition date, and in *Jacobson*, although the debtors resided in their homestead on the petition date, the sale of the home brought into play the California reinvestment requirement, which is a "peculiar temporal exemption statute" that does not mandate the result called for by Trustee under the facts presented here. *See In re Kim*, 257 B.R. at 686 (noting that *Golden* was decided under the specific California reinvestment requirement and its holding is thus limited to its facts).

     Debtor resided in the Property as her principal residence on the petition date, and under Washington exemption law, this was sufficient to confer automatic protection of the homestead. As such, the fact that she moved out of the Property shortly after filing and failed to return is simply irrelevant to the determination of whether she is entitled to claim the homestead exemption in her chapter 7 case. Trustee cites no policy that would be served by denying Debtor her exemption under these facts. Unlike the "reinvestment of proceeds" scenario, here there is no danger that Debtor will squander her homestead funds on nonexempt property. She cannot access the funds representing the exemption without a sale,

which is made more complicated here by the fact that she co-owns the Property with her parents, who may or may not have the ability to buy out her interest. Further, a debtor's right to a homestead exemption in a chapter 7 case should not be predicated on the happenstance of how long the case remains pending. We thus AFFIRM the bankruptcy court's conclusion that Debtor is entitled to claim a homestead exemption in the Property.

As for the amount of the exemption, Trustee requests that if we affirm the bankruptcy court's ruling that Debtor is entitled to the homestead exemption, we should find that the bankruptcy court erred in not sustaining Trustee's objection to the amount of Debtor's exemption. Trustee contends the exemption should have been limited to $90,000, the amount of her claimed equity in the Property, citing *Wilson v. Rigby*, 909 F.3d 306, 312 (9th Cir. 2018), in which the Ninth Circuit held that the value of the exemption is limited to the value that lawfully may be claimed as of the petition date. But the bankruptcy court did not make a finding as to the proper amount of the exemption. In fact, Trustee's counsel conceded at the final hearing in the bankruptcy court that although the issue had been raised in the objection, it had not been properly brought before the court. As such, the issue is not properly before us. *See O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.)*, 887 F.2d 955, 957 (9th Cir. 1989) (ordinarily, federal appellate courts will not consider an issue not raised sufficiently for

13

the trial court to rule upon it). In any event, in the bankruptcy court's October 31, 2019 order granting a limited stay pending appeal, it explicitly reserved the issue of the value of the claimed homestead exemption.

## CONCLUSION

The bankruptcy court did not err in ruling that Debtor was entitled to a homestead exemption under Washington law. Accordingly, we AFFIRM. We leave the question of the appropriate amount of the exemption for determination by the bankruptcy court.