**ORDERED PUBLISHED**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No.  WW-11-1484-HKiJu |
| | ) | |
| JACK SHERMAN JEFFERIES, | ) | Bk. No.  11-42206 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JACK SHERMAN JEFFERIES, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **O P I N I O N** |
| | ) | |
| CHARLES D. CARLSON, Chapter 7 | ) | |
| Trustee, | ) | |
| | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on March 23, 2012
at Seattle, Washington

Filed - April 30, 2012

Appeal from the United States Bankruptcy Court
for the Western District of Washington

Honorable Brian D. Lynch, Bankruptcy Judge, Presiding

Appearances:     Roger J. Sharp of Sharp Law Professional
Corporation argued for Appellant Jack Sherman
Jefferies.  Charles D. Carlson of Carlson &
Thacker, PLLC, argued for Appellee Charles D.
Carlson, Chapter 7 Trustee.

Before:  HOLLOWELL, KIRSCHER and JURY, Bankruptcy Judges.

HOLLOWELL, Bankruptcy Judge:

The debtor appeals the bankruptcy court's order sustaining the chapter 7[1] trustee's objection to his homestead exemption claim. The debtor contended that an equalizing judgment he received in exchange for the transfer of his residence to his ex-wife in a dissolution decree constituted proceeds of the voluntary sale of his homestead, protected by the Washington homestead exemption statutes. The bankruptcy court disagreed. We AFFIRM.

## I. FACTUAL BACKGROUND

Jack Jefferies (the Debtor) filed a chapter 7 bankruptcy petition on March 22, 2011. Charles Carlson was appointed the trustee (the Trustee).

Prior to filing bankruptcy, the Debtor and his now ex-wife purchased and resided on real property in Ridgefield, Washington (the Residence). After eight years of marriage, the Debtor moved out of the Residence due to marital difficulties. He has not lived at the Residence since April 2009; however, his ex-wife and children continue to reside there.

In December 2010, the Washington state court entered a Decree of Dissolution of Marriage (the Dissolution Decree). In the Dissolution Decree, the Debtor was awarded an "equalizing

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

Judgment for his interest in the real property awarded to his wife" in the amount of $40,800 (Equalizing Judgment). The Equalizing Judgment was secured by a promissory note and deed of trust on the Residence. In February 2011, in furtherance of the terms of the Dissolution Decree, the Debtor conveyed his interest in the Residence to his ex-wife by quitclaim deed.

On Schedule C, the Debtor listed $47,000 as exempt "Proceeds from sale of homestead" under WASH. REV. CODE (RCW) 6.13.030[2] (the Exemption). The Trustee objected to the Exemption. The Trustee asserted that because the Debtor no longer lived at the Residence and was divested of his interest in the Residence through the Divorce Decree, he failed to meet the requirements of Washington's homestead exemption statutes and was unable to claim the Exemption.

[2] RCW 6.13.030 provides that:
A homestead may consist of lands, as described in RCW 6.13.010, regardless of area, but the homestead exemption amount shall not exceed the lesser of (1) the total net value of the lands, manufactured homes, mobile home, improvements, and other personal property, as described in RCW 6.13.010, or (2) the sum of one hundred twenty-five thousand dollars in the case of lands, manufactured homes, mobile home, and improvements, or the sum of fifteen thousand dollars in the case of other personal property described in RCW 6.13.010, except where the homestead is subject to execution, attachment, or seizure by or under any legal process whatever to satisfy a judgment in favor of any state for failure to pay that state's income tax on benefits received while a resident of the state of Washington from a pension or other retirement plan, in which event there shall be no dollar limit on the value of the exemption.

-3-

The Debtor responded by asserting that although he was divested of his interest in the Residence, his ex-wife's obligation to pay the Equalizing Judgment constituted proceeds of the voluntary sale of his homestead, for which an exemption is allowed. In reply, the Trustee asserted that "the divorce court awarded the home to [the Debtor's wife]. The debtor did not sell his interest in the home to his former wife as he alleges."

A hearing on the Exemption took place on July 5, 2011. The bankruptcy court considered the Exemption under RCW 6.13.070(1), which allows a debtor to exempt the proceeds from a voluntary sale of a homestead for the purpose of acquiring a new homestead. The bankruptcy court determined that the Equalizing Judgment constituted proceeds of the Debtor's former homestead. However, the bankruptcy court concluded that the criteria for the Exemption under RCW 6.13.070(1) was not satisfied because the transfer of the Residence to the debtor's ex-wife was not a voluntary sale. Therefore, the bankruptcy court determined that although the Debtor may have intended to use the proceeds for the purpose of acquiring a new homestead, the proceeds did not qualify for a homestead exemption. The bankruptcy court subsequently sustained the Trustee's objection to the Exemption by written order entered on July 28, 2011.

On August 9, 2011, the Debtor filed a motion for reconsideration (Reconsideration Motion). In the Reconsideration Motion, the Debtor argued that the bankruptcy court erred in its determination that the transfer of the Residence was not voluntary. The Debtor asserted that, through a consensual agreement with his ex-wife, he voluntarily transferred his

-4-

interest in the Residence to her and the Equalizing Judgment simply memorialized the consensual agreement to transfer the Residence. In a written order, the bankruptcy court clarified its analysis supporting its determination that the transfer of the Residence did not constitute a voluntary sale and denied the Reconsideration Motion. The Debtor timely appealed.[3]

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Did the bankruptcy court err in determining that the Debtor could not claim a homestead exemption for the Equalizing Judgment?

## IV. STANDARDS OF REVIEW

The bankruptcy court's conclusions of law are reviewed de novo. Decker v. Tramiel (In re JTS Corp.), 617 F.3d 1102, 1109 (9th Cir. 2010). The scope of a statutory exemption is a question of law subject to de novo review. Gonzalez v. Davis (In re Davis), 323 B.R. 732, 734 (9th Cir. BAP 2005); Kelley v. Locke (In re Kelley), 300 B.R. 11, 16 (9th Cir. BAP 2003). The

---

[3] The Debtor filed the Reconsideration Motion within 14 days of the bankruptcy court's order sustaining the Trustee's objection to the Exemption. Therefore, it tolled the time for appeal until 14 days from the final order disposing of the Reconsideration Motion. Dicker v. Dye (In re Edelman), 237 B.R. 146, 151 (9th Cir. BAP 1999). Because the Debtor filed his notice of appeal within 14 days of order denying the Reconsideration Motion, the Debtor's appeal was timely. Rule 8002(b)(2).

-5-

validity of the claimed exemption is controlled by the applicable state law. In re Kelley, 300 B.R. at 16. Additionally, whether a sale is considered a forced or voluntary sale for purposes of a homestead exemption is a question of law reviewed de novo. See generally, In re Cole, 93 B.R. 707, 708-09 (9th Cir. BAP 1988). De novo review requires that we consider the matter anew, as if it had not been heard before, and as if no decision had been rendered previously. Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

The bankruptcy court's denial of a motion for reconsideration is reviewed for an abuse of discretion. Ta Chong Bank Ltd. v. Hitachi High Techs. Am., Inc., 610 F.3d 1063, 1066 (9th Cir. 2010); Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton), 449 B.R. 79, 83 (9th Cir. BAP 2011). A bankruptcy court abuses its discretion if it bases a decision on an incorrect legal rule, or if its application of the law was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc); Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 914 (9th Cir. BAP 2011).

## V. DISCUSSION

### A. Eligibility For Exemption

Washington has not "opted out" of the federal exemption scheme. Thus, a debtor domiciled in Washington may select either the exemptions afforded by Washington law, or the federal exemption scheme. 11 U.S.C. § 522(b); 4 COLLIER ON BANKRUPTCY

¶ 522.02 (Henry Somers & Alan Resnick eds., 15th ed. rev. 2009). The Debtor selected state law exemptions.

In Washington, a "homestead consists of real or personal property that the owner uses as a residence" or "the dwelling house or the mobile home in which the owner resides or intends to reside . . . . Property included in the homestead must be actually intended or used as the principal home for the owner." RCW 6.13.010(1).[4] Property occupied as a homestead is automatically protected by the exemption. RCW 6.13.040.

Here, since the Debtor transferred his interest in the Residence prior to filing bankruptcy, he was not eligible for an automatic homestead exemption. Wilson v. Arkison (In re Wilson), 341 B.R. 21, 27 (9th Cir. BAP 2006) (debtor not entitled to homestead exemption because he did not live in the marital home at the time he filed bankruptcy and could not reside there in the future due to the divorce decree that divested him of his property interest). However, the Debtor based the Exemption on RCW 6.13.070, which exempts a homestead from attachment, execution, or forced sale for the debts of the owner up to $125,000, as well as the same amount in proceeds from a voluntary sale of the homestead, in good faith for the purpose of acquiring a new homestead. RCW 6.13.030, 6.13.070(1). Proceeds from a

---

[4] Property described in RCW 6.13.010 constitutes a homestead and is automatically protected by the homestead exemption of RCW 6.13.070 from and after the time the property is occupied. If the homestead is unimproved or improved land that is not yet occupied as a homestead, the homestead is exempted from and after the time the declaration of homestead is recorded. RCW 6.13.040(1), (2).

voluntary sale of a homestead are exempt under RCW 6.13.070(1) for up to one year. Any new homestead acquired with the proceeds during that time may also be exempted. Id.

The Debtor claimed that the Equalizing Judgment constituted the proceeds of a voluntary sale of his Residence for the purpose of acquiring a new homestead. We agree that any property taken in exchange for the transfer of a homestead is considered to be "proceeds" as contemplated by the homestead exemption statute. Vojta v. Buhre, 165 Wash. 384, 387 (1931). Accordingly, the Equalizing Judgment, secured by the note and deed of trust, constitutes proceeds for purposes of RCW 6.13.070(1). Additionally, the Debtor submitted an uncontroverted declaration stating that he intended to use the proceeds to purchase a new homestead. Therefore, in order to meet the remaining criterion entitling the Debtor to the Exemption, the Debtor's transfer of the Residence to his ex-wife must have been a voluntary sale.

The legal authority guiding our analysis on this issue is scant. However, the Washington Supreme Court has provided an explanation of the difference between a forced and voluntary sale:

> [A forced sale is] a transaction in which there is an element of compulsion on the part of either the seller or the buyer. If the element of compulsion is based upon purely economic reasons, the sale is generally considered voluntary . . . . Where, however, a seller or buyer is forced to act under a decree, execution or something more than mere inability to maintain the property, the element of compulsion is based upon legal, not economic factors . . . .

Felton v. Citizens Fed. Sav. & Loan Ass'n of Seattle, 101 Wash. 2d 416, 422 (1984) (quoting State v. Lacey, 8 Wash. App. 542, 549 (1973)).

-8-

In Felton, the court concluded that a nonjudicial trustee's sale was a voluntary sale because the debtors indirectly consented to the sale through the power of sale granted the trustee in the loan documents.[5] Id. at 422-23. The court determined that when a property owner consents, either directly or indirectly, to a sale under execution or other legal process, the sale is not a forced sale for purposes of the homestead statutes. The Debtor seizes on this language and contends that "[t]here is no reason [his] consent to this legal process [of dissolution] should be treated as any less consensual or voluntary than the consent of one signing a mortgage or deed of trust."

However, in Felton, it was the debtors' inability to maintain the property that led to the trustee's sale. The sale was therefore compelled due to economic factors. Thus, it fell squarely within the court's definition of a voluntary sale. Here, the Debtor transferred the Residence to his ex-wife, not because of purely economic reasons or an inability to maintain the Residence. He transferred the Residence to his ex-wife as part of a state court dissolution process and allocation of marital property.

The Debtor asserts that because there was a voluntary pre-decree agreement with his ex-wife to transfer the homestead, the

_____

[5] The court in Felton was construing what is now RCW 6.13.080, which provides that the homestead is not available against an execution or forced sale in satisfaction of judgments obtained on, among other things, debts secured by a vendor's lien on the property or debts secured by mortgages on the property.

-9-

Dissolution Decree did not transform that voluntary agreement into a forced sale. The Debtor's assertion might have more merit if the Debtor had quitclaimed the Residence prior to the entry of the Dissolution Decree. But even if there was some agreement, cooperation, and consent between the Debtor and his ex-wife as to who would retain the Residence, there remained an element of legal compulsion in the property division.

For example, the Debtor stated that the agreement did not come quickly ("We eventually agreed that the family home should be awarded to her so she could continue to reside there with our children."), and that he and his ex-wife disagreed about the amount that he would be paid for transferring his interest. Ultimately, it was the state court who decided, after a trial, the amount of the payment. Thus, the Equalizing Judgment was made through the Dissolution Decree as part of the state court's fair allocation of the marital property.

The Debtor, however, argues that the Dissolution Decree was not the operative document that divested him of his interest in the Residence. Nevertheless, it was the state court's final decisions on the allocation and distribution of the marital property that triggered the Debtor's obligation to transfer the Residence. Indeed, the Debtor admits he was "disappointed by [the state court judge's] decision and contemplated an appeal." However, since he did not appeal the Dissolution Decree, he was obligated by its terms to transfer the Residence, which resulted in the quitclaim deed to his ex-wife in exchange for the note and deed of trust.

-10-

Homestead and exemption statutes are favored in the law and should be liberally construed. <u>In re Dependency of Schermer</u>, 161 Wash. 2d 927, 953 (2007); <u>Pinebrook Homeowners Ass'n v. Owen</u>, 48 Wash. App. 424, 427 (1987). Nevertheless, in applying the definitions of voluntary and forced sales set forth in <u>Felton</u>, we agree with the bankruptcy court that the sale or transfer by the Debtor of the Residence to his ex-wife was made with an element of legal, not purely economic, compulsion and was, therefore, not a voluntary sale. Consequently, the Debtor cannot claim the Exemption under RCW 6.13.070(1).[6]

## B.    <u>Reconsideration Motion</u>

The Debtor sought reconsideration pursuant to Rule 9023, incorporating Civil Rule 59(e). He asserted that the issue of whether the transfer of the Residence to his ex-wife was considered a voluntary or a forced sale was not fully briefed before the bankruptcy court because it was raised by the Trustee for the first time at the hearing on the objection to the Exemption. The Debtor asserted that the bankruptcy court erred in its determination that the sale was a forced sale, which

---

[6] The Debtor's reliance on <u>In re Marriage of Foley</u>, 84 Wash. App. 839 (1997) to support his argument is off-point. There, Mr. Foley was awarded the family home and ordered through a dissolution decree to pay Mrs. Foley an equalization award that was to be paid by refinancing or selling the home. Mr. Foley argued that the forced sale violated his homestead rights but the court held that "[a] judgment in owelty is an equitable lien on the property specified in the nature of a vendor's lien. It prevails over a homestead exemption." <u>Id.</u> at 845; <u>see also</u> RCW 6.13.080 (cannot claim homestead exemption against a forced sale in satisfaction of vendor's lien).

resulted in the Debtor's ineligibility to claim a homestead exemption under RCW 6.13.070(1).

Although Civil Rule 59(e) permits a court to reconsider and amend a previous order, "the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'"[7] Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted). Thus, a motion for reconsideration should not be granted absent "highly unusual circumstances," unless the court is presented with: (1) newly discovered evidence, (2) committed clear error, or (3) there is an intervening change in the controlling law. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). A Civil Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. Kona Enters., Inc., 229 F.3d at 890.

The Debtor presented no new evidence or intervening change in the law that required the alteration of the bankruptcy court's order sustaining the Trustee's objection to the Exemption. For the reasons discussed above, the bankruptcy court did not err in determining that the Debtor's transfer of the Residence to his

---

[7] Additionally, under Local Bankruptcy Rule 9013-1(h), which incorporates Local Civil Rule for the U.S. District Court for the Western District of Washington (Local Civil Rule) 7(h), motions for reconsideration are disfavored and not granted unless there is a showing of manifest error, or, new facts or legal authority that could not have been brought to the court's attention earlier with reasonable diligence.

ex-wife, in exchange for an Equalizing Judgment through the Dissolution Decree, was a forced sale. Thus, the bankruptcy court did not err in concluding that the Debtor was ineligible for the Exemption. Consequently, there was no basis for the Debtor to prevail on his Reconsideration Motion. As a result, we conclude that the bankruptcy court did not abuse its discretion when it denied the Reconsideration Motion.

## VI. CONCLUSION

For the reasons stated, we AFFIRM the bankruptcy court's order sustaining the Trustee's objection to the Exemption.

-13-