**NOT FOR PUBLICATION**

### UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   WW-14-1424-KiFJu |
| ) | |
| JEFFREY LLOYD WICKLUND, ) | Bk. No.   14-11419-KAO |
| ) | |
| Debtor. ) | |
| ————————————————— ) | |
| ) | |
| JEFFREY LLOYD WICKLUND, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **M E M O R A N D U M**[1] |
| ) | |
| ROBERT D. JOHNSON TRUST, ) | |
| ) | |
| Appellee. ) | |
| ————————————————— ) | |

Argued and Submitted on September 25, 2015,
at Seattle, Washington

Filed - March 15, 2016

Appeal from the United States Bankruptcy Court
for the Western District of Washington

Honorable Karen A. Overstreet, Bankruptcy Judge, Presiding

———————————————

Appearances:   Steven D. Hathaway submitted on brief for appellant
Jeffrey Lloyd Wicklund; Bryan L. Page of Zender
Thurston, P.S. argued for appellee Robert D.
Johnson Trust.

———————————————

Before:   KIRSCHER, FARIS and JURY, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may have
(see Fed. R. App. P. 32.1), it has no precedential value. See 9th
Cir. BAP Rule 8024-1.

Debtor Jeffrey Lloyd Wicklund ("Jeffrey")[2] appeals orders of the bankruptcy court denying the homestead exemption he claimed under Washington homestead exemption statutes and denying Jeffrey's motion to alter or amend the order denying Jeffrey's homestead exemption. We AFFIRM.

## I.  FACTUAL BACKGROUND

Jeffrey owns a wine shop in Bellingham, Washington. His spouse, Edalyn Wicklund ("Edalyn") is employed as an office manager at a dentist's office. Jeffrey and Edalyn moved to Bellingham in 2005 to start a wine shop, Purple Smile Wines. Their mailing address is a rental house in Bellingham.

In November 2010, Edalyn and her sister, after their mother died, inherited the home in which they grew up in Everett, Washington. Jeffrey and Edalyn bought out Edalyn's sister's interest in the Everett home in November 2011 for approximately $175,000. For a short period of time, ending in July 2013, Jeffrey and Edalyn lived at the Everett home.

In 2008, Jeffrey and Bob Johnson ("Johnson") entered into an agreement wherein Johnson loaned Jeffrey money to expand his wine shop business. Johnson died in May 2013, after which Johnson's claim passed to the "Bob Johnson Trust" ("Johnson Trust"). The executors of his estate pressured Jeffrey to pay the outstanding debt, until Jeffrey felt compelled to file a chapter 13[3]

---

[2] In identifying Mr. and Mrs. Wicklund, we have used their first names in this memorandum. No disrespect is intended.

[3] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All
(continued...)

bankruptcy petition.

Jeffrey filed his chapter 13 bankruptcy petition on February 28, 2014. On Schedule A, Jeffrey listed the Everett home as real property owned in fee simple,[4] with a value of $318,000 and encumbered by a secured claim in the amount of $168,337.31. Schedule D identifies the holder of the secured claim on the Everett home as Banner Bank, which also has liens on Jeffrey's inventory, fixtures, and equipment located at Purple Smile Wines. Schedule B lists personal property assets with a value of $61,008.35, including $12,705.81 in a Roth IRA account, $0.00 worth of shares in PS Fairhaven, Inc., which is the owner of Purple Smile Wines and $27,842.77 worth of inventory, fixtures, and equipment located at Purple Smile Wines.

On Schedule C, Jeffrey claimed a homestead exemption in the Everett home in the amount of $125,000, specifying that he claimed the exemption under Wash. Rev. Code ("RCW") §§ 6.13.010, 6.13.020 and 6.13.030. Schedule F lists two unsecured, nonpriority claims held by the Johnson Trust in the amounts of $180,726.67 and $45,181.67.

The chapter 13 trustee conducted the § 341(a) meeting of creditors on April 9, 2014. Jeffrey testified at that meeting that he received rent from a tenant at the Everett home in August 2013, and then not again until March 2014 when a tenant signed a one year lease at $1,900 per month.

---

[3] (...continued)
"Civil Rule" references are to Federal Rules of Civil Procedure.

[4] Jeffrey left the column on Schedule A indicating "Husband, Wife, Joint, or Community" blank.

-3-

At the § 341(a) meeting, Jeffrey answered the following questions about the Everett home:

Q. Okay. Have you ever lived there?

A. Yes.

Q. When was the last time you lived there?

A. Well, it was kind of part-time.

Q. Okay.

A. Before we rented it the first time, so probably July.

Q. Of?

A. '13.

Q. July of '13 was the last time you lived there?

A. Yeah.

Q. Okay. What's your intention with the property? Is it to maintain as a rental? I mean –

A. Probably eventually live there.

Q. Okay. When would that be?

A. Hard to say.

Q. Try.

A. A couple years, maybe. Depends on how things go up north.

Q. Okay. So what's keeping you up north? It's your business, right?

A. Yes.

Q. And your wife's job is up there as well?

A. Yes.

Q. You are – I guess I just want to – so you would imagine moving to this property at some point in the

near future?

A. Potentially, yeah. It's an inheritance. My wife grew up in the house.

* * * *

Q. Do you have any firm plans right now to move into the [Everett] house?

A. No.

Q. Do you intend to keep it or sell it?

A. Intention is to keep it.

Mr. Hathaway [debtor's counsel]: I think you testified an intent to move back into it.

Mr. Wicklund: Yeah, at some point down the road, but for right now –

Mr. Hathaway: You're not going to sell it?

Mr. Wicklund: No.

The Johnson Trust filed objections to confirmation, a motion to convert and an objection to Jeffrey's claim of homestead exemption in the Everett home. The Johnson Trust argued in its objection to exemption that Jeffrey could not claim Washington's automatic homestead exemption because he did not currently live at the Everett home and he could not otherwise claim a homestead exemption because, at the time of the objection, he had not recorded a homestead declaration for the Everett home, a declaration which he could not make in good faith.

Jeffrey filed a response to the Johnson Trust's objection on June 4, 2014. Attached to Jeffrey's response was an email from

Tammy Heaton,[5] the tenant at the Everett home, dated May 24, 2014, which read:

> This letter to to (sic) clarify the future use of the property located [in Everett]. We have signed a 2 year lease beginning on March 1, 2014. The intent if [sic] the landlords is to move back into the property once the lease term is up. They've left the majority of the household items in the garage and had let us know they wanted a renter who would take good care of their home they planned on moving back into.

Following a hearing held June 11, 2014, the bankruptcy court entered an order on June 13, 2014, sustaining the Johnson Trust's objection and denying Jeffrey's claimed homestead exemption. On June 27, 2014, Jeffrey filed a "Motion to Alter or Amend Order under [Civil Rule] 59(e) and [Rule] 9023," raising several issues and grounds for reconsideration of the bankruptcy court's denial of his homestead exemption, including that he filed a declaration of homestead on June 20, 2014, after the court's denial of his homestead exemption. Jeffrey also raised several other grounds related to his non-debtor spouse's interest in the Everett home, her separately-filed declaration of homestead on the Everett home, and its status as community property and a community business.[6] Jeffrey argued that: (1) it was manifest error of law for the court to preclude him from claiming a homestead exemption when he had the right to file a homestead declaration after he filed his

---

[5] The record does not show whether Heaton's email was admitted into evidence.

[6] According to the bankruptcy court's order denying Jeffrey's motion to alter or amend, the newly recorded homestead declarations were attached to Jeffrey's motion as exhibits. However, the homestead declarations are not part of Jeffrey's excerpts of record.

-6-

bankruptcy petition; (2) his and Edalyn's subsequent filing of their homestead declarations constituted newly discovered evidence entitling him to reconsideration; and (3) it was a manifest injustice to deny Jeffrey a homestead exemption in this inherited family home since he and Edalyn had displayed a clear intent to live there when they retired.

The chapter 13 trustee and the Johnson Trust opposed Jeffrey's motion to alter or amend order. The trustee contended that the court should not consider the homestead declarations, which were filed after the June 11, 2014 hearing and the bankruptcy court's decision, because Jeffrey could have filed the homestead declarations prior to the hearing. The trustee also argued that Jeffrey's post-hearing homestead declarations, taken in context, did not show a good faith intent to use the Everett home as Jeffrey's homestead.

The Johnson Trust, like the trustee, argued that Jeffrey should not be allowed under Civil Rule 59 to file newly "created" homestead declarations under the guise of newly "discovered" evidence, because Jeffrey could have recorded his declaration before the hearing but did not. In addition, the Johnson Trust argued that the homestead declarations were defective and did not contain the statements required under RCW § 6.13.040(3)(a) that the person is residing or intends to reside on the premises and claims them as a homestead. The Johnson Trust argued that Jeffrey had failed to show an intent to reside at the Everett home in the near future, which was evidenced by the fact that Jeffrey and Edalyn were leasing the property to a third party.

On August 18, 2014, the bankruptcy court entered its order

-7-

denying Jeffrey's motion to alter or amend order. The court addressed only whether it should alter or amend its order denying Jeffrey's exemption and declined to address any issues relating to Edalyn's rights in the Everett home, stating Edalyn's issues "[were] not properly before the Court on a Motion to Alter or Amend."

With respect to Jeffrey's claim of exemption, the court found that no errors of law or fact occurred in its original order and that the court properly disallowed Jeffrey's claim of homestead exemption under RCW § 6.13.040(2) based on the facts that existed at the time of the hearing, i.e., that Jeffrey did not reside at the property and he had not filed a declaration of homestead prior to the date the court ruled on the objection. The court wrote that Jeffrey's filing of a declaration of homestead after entry of the order denying his homestead exemption did not serve as a basis for granting a motion to alter or amend under Rule 59(e). Citing Contempo Metal Furniture Co. of California v. East Texas Motor Freight Line, Inc., 661 F.2d 761, 766 (9th Cir. 1981), and 11 Fed. Prac. & Proc. Civ. § 2808 (C. Wright & A. Miller, eds., 3d ed.), the bankruptcy court held that a movant seeking to alter or amend on the grounds of newly discovered evidence "must show that the fact was in existence at the time the order was entered." Order, Docket No. 72 (Aug. 18, 2014) 9:1.

The bankruptcy court went on to hold that even if Jeffrey's declaration of homestead did constitute newly discovered evidence, the court would nevertheless disallow Jeffrey's claimed homestead exemption because Jeffrey had failed to show an intent to reside at the Everett home:

-8-

> As noted by the Bankruptcy Appellate Panel in <u>Gitts</u>, <u>Errez</u> and <u>Wilson</u>, filing a declaration of homestead alone is insufficient to establish intent to reside on the property. <u>Traverso v. Cerini</u>, 146 Wash. 273, 276 (1928); <u>Wolph v. Kennedy</u>, 96 Wash. App. 1026 (1999). The court must also find facts that support an intent to reside on the property. <u>Id.</u> The only evidence in support of the claimed homestead in this case is the Debtor's self-serving declaration testimony, combined with a declaration from his tenant that it was her understanding that the Debtor intended to live there at some point in the future. At the 341 meeting, however, the Debtor admitted that he had no firm plans to move to the Colby Avenue Property. Page Decl., Dkt. 24 Ex. 1, p. 18, lines 20-22. The Debtor is 53 years old and in a Chapter 13 bankruptcy. There is no evidence that he is near retirement or has any specific plans to occupy the property. When considered in conjunction with the Debtor's failure to file the homestead declaration prior to the hearing on the Objection, the Court finds the factual record insufficient to establish an intent to reside on the property. Therefore, the Court will not alter or amend the Order Denying Exemption.

<u>Id.</u> at 9:15-10:2.

Jeffrey filed a timely notice of appeal on August 27, 2014, after the bankruptcy court issued its order denying his motion to alter or amend order on August 18, 2014.[7]

---

[7] Jeffrey timely filed his notice of appeal after the bankruptcy court issued its order denying his motion to alter or amend order on August 18, 2014, and the notice includes the order denying claim of homestead exemption and order denying the motion to alter or amend. Rule 8001(a) in effect when this appeal was taken did not require the appellant to designate the order appealed from, even though 9th Cir. BAP Rule 8001-1(a)-1 required attachment of the order if it was available. Rule 8003(a)(3)(B), effective December 1, 2014, requires attachment of the appealed order. The notice of appeal directly designates the homestead order and indirectly references the reconsideration order. We conclude that <u>Dudley v. Anderson (In re Dudley)</u>, 249 F.3d 1170, 1173-74 (9th Cir. 2001) (Rule 8001(a) does not require the notice of appeal to designate the order appealed from), citing <u>United States v. Arkison (In re Cascade Roads, Inc.)</u>, 34 F.3d 756, 761 (9th Cir. 1994), applies; we have jurisdiction to consider all issues raised in both orders. "A mistake in designating the order being appealed is not fatal 'as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake.'" <u>McCarthy v. Mayo</u>, 827 F.2d
(continued...)

-9-

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

Did the bankruptcy court err in denying Jeffrey's claimed homestead exemption?

Did the bankruptcy court abuse its discretion in denying Jeffrey's motion to alter or amend?

## IV. STANDARDS OF REVIEW

The bankruptcy court's conclusions of law are reviewed de novo. Decker v. Tramiel (In re JTS Corp.), 617 F.3d 1102, 1109 (9th Cir. 2010). The scope of a statutory exemption is a question of law subject to de novo review. Gonzales v. Davis (In re Davis), 323 B.R. 732, 734 (9th Cir. BAP 2005); Kelley v. Locke (In re Kelley), 300 B.R. 11, 16 (9th Cir. BAP 2003). The validity of properly claimed state exemptions "is controlled by the applicable state law." In re Kelley, 300 B.R. at 16. De novo review requires that we consider a matter anew, as if it had not been heard before, and as if no decision had been rendered below. Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

A debtor's intent to reside on property, for purposes of determining the validity of a homestead exemption claim, is a factual issue which we review under the clearly erroneous

[7](...continued)
1310, 1314 (9th Cir. 1987), citing United States v. One 1977 Mercedes Benz, 708 F.2d 444, 451 (9th Cir. 1983), cert. denied, 464 U.S. 1071 (1962). The parties adequately argued their respective positions in their appellate briefs.

-10-

standard.  In re Kelley, 300 B.R. at 16.  A factual finding is clearly erroneous, even when there is evidence to support it, only if we have a definite and firm conviction that a mistake has been committed.  Banks v. Gill Distrib. Ctrs., Inc. (In re Banks), 263 F.3d 862, 869 (9th Cir. 2001) (quoting Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985)).  Alternately stated, we must affirm the bankruptcy court's findings of fact unless those findings are "illogical, implausible, or without support in inferences that may be drawn from the facts in the record."  United States v. Hinkson, 585 F.3d 1247, 1262-63 (9th Cir. 2009) (en banc).

A bankruptcy court's denial of a motion for reconsideration is reviewed for an abuse of discretion.  Arrow Elec., Inc. v. Justus (In re Kaypro), 218 F.3d 1070, 1073 (9th Cir. 2000); Sewell v. MGF Funding, Inc. (In re Sewell), 345 B.R. 174, 178 (9th Cir. BAP 2006).  To determine whether the bankruptcy court abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible or "without support in inferences that may be drawn from the facts in the record."  Hinkson, 585 F.3d at 1261-62.  If two views of the evidence are possible, the trial judge's choice between them cannot be clearly erroneous.  Anderson, 470 U.S. at 574; Ng v. Farmer (In re Ng), 477 B.R. 118, 132 (9th Cir. BAP 2012).

/ / /

/ / /

-11-

## V. DISCUSSION

### A. Denial of Homestead Exemption

Washington has not "opted out" of the federal exemption scheme. Thus, a debtor domiciled in Washington may select either the exemptions afforded by Washington law or the federal exemption scheme. § 522(b); 4 COLLIER ON BANKRUPTCY ¶ 522.02[1] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed.). Jeffrey claimed a Washington state homestead exemption on Schedule C.

Homestead and exemption statutes in Washington are favored and should be liberally construed. Jefferies v. Carlson (In re Jefferies), 468 B.R. 373, 380 (9th Cir. BAP 2012); Pinebrook Homeowners Ass'n v. Owen, 48 Wash. App. 424, 427, 739 P.2d 110 (1987). "In Washington, a 'homestead consists of real or personal property that the owner uses as a residence' or 'the dwelling house or the mobile home in which the owner resides or intends to reside . . . . Property included in the homestead must be actually intended or used as the principal home for the owner." In re Jefferies, 468 B.R. at 380 (citing RCW § 6.13.010(1)). Washington has two methods for establishing a homestead. Arkison v. Gitts (In re Gitts), 116 B.R. 174, 178 (9th Cir. BAP 1990), aff'd & adopted, 927 F.2d 1109 (9th Cir. 1991); Wilson v. Arkison (In re Wilson), 341 B.R. 21, 25 (9th Cir. BAP 2006).

First, property occupied as a principal residence is automatically protected by the exemption. RCW § 6.13.040; In re Gitts, 116 B.R. at 178; In re Wilson, 341 B.R. at 25-26. The evidence in this case shows that the Everett home was occupied by a tenant on Jeffrey's petition date. The first method for establishing a Washington homestead does not apply because Jeffrey

-12-

did not occupy the Everett home as his principal residence.

Second, if an owner cannot show occupancy and use, the owner may nevertheless claim a homestead for exemption purposes by declaration. In re Gitts, 116 B.R. at 178; In re Wilson, 341 B.R. at 26. In order to establish a valid declared homestead exemption, an owner must intend to reside on the property, record a declaration of homestead and record a declaration of abandonment of any automatic homestead or any existing declared homestead. In re Gitts, 116 B.R. at 178; In re Wilson, 341 B.R. at 25-26. A debtor's entitlement to a claimed exemption is determined as of the date the bankruptcy petition is filed. Hopkins v. Cerchione (In re Cerchione), 414 B.R. 540, 548 (9th Cir. BAP 2009); Culver, LLC v. Chiu (In re Chiu), 266 B.R. 743, 751 (9th Cir. BAP 2001). The validity of a declared Washington homestead exemption requires focus on the time the declaration is recorded. In re Wilson, 341 B.R. at 26 (citing cases). If a judgment debtor files a homestead declaration at any time subsequent to entry of a judgment but before execution, the allowed homestead is exempt from execution or forced sale. In re Gitts, 116 B.R. at 178. These cases reflect the difference between entitlement as of the bankruptcy petition date and validity as of the recordation date. In re Wilson, 341 B.R. at 26. Intent to reside at a location becomes the pivotal issue. Id.

The Johnson Trust argues that the bankruptcy court correctly denied Jeffrey's homestead exemption because Jeffrey did not reside at the Everett home on the date he filed his bankruptcy petition and he did not record a declaration of homestead prior to the denial of his exemption. Jeffrey counters that Gitts entitles

-13-

him to file a declaration of homestead after the petition date.

While Jeffrey's contention may be true in certain circumstances, he misconstrues the holding in <u>Gitts</u>. In <u>Gitts</u>, the debtors filed a declaration of homestead on the day after they filed their bankruptcy petition.[8] <u>In re Gitts</u>, 116 B.R. at 175. The debtors' declaration of homestead related to property in which the debtors did not reside but in which they indicated an intention to reside as of the date of filing the bankruptcy petition. <u>Id.</u> After the trustee filed an objection to the debtors' claimed homestead exemption, the debtors filed a declaration of abandonment of a different property and moved into the new homestead property more than two months before the bankruptcy court entered an order allowing the debtors' homestead exemption and denying the trustee's objection. <u>Id.</u> at 175-76.

In the instant case, Jeffrey did not file his declaration of homestead on the Everett home until after the bankruptcy court had entered its order denying his homestead exemption. Jeffrey had notice of the Johnson Trust's objection to his homestead exemption and had notice of the hearing held on June 11, 2014. In fact, at the § 341(a) meeting held on April 9, 2014, the trustee informed Jeffrey that he might need a homestead declaration for the Everett home. For reasons unknown, Jeffrey waited to record a homestead declaration until after the bankruptcy court entered its order denying his homestead exemption.

Under the particular facts of this case, the bankruptcy court

_____

[8] The court noted that "but for the delay of a messenger service [they] would have filed their declaration of homestead on the same date." <u>In re Gitts</u>, 116 B.R. at 180.

-14-

did not err in denying Jeffrey's homestead exemption in the Everett home because Jeffrey did not reside there and, more importantly, did not intend to reside there as of the bankruptcy petition filing date; he also had not filed a declaration of homestead prior to the time the bankruptcy court entered its order denying the exemption. The evidence supports the bankruptcy court's conclusion that Jeffrey did not satisfy either method for claiming a homestead under Washington law.

Jeffrey also contends that Edalyn's rights, intent and interest in the Everett home, as her own separate property and as community property, should have been considered and determined by the bankruptcy court prior to deciding Jeffrey's homestead exemption. The bankruptcy court declined to rule on Edalyn's interest in the Everett home, either as separate or community property, because those issues were not raised in the Johnson Trust's objection and were not properly before the court. "[A]n appellate court will not consider issues not properly raised before the [bankruptcy] court." Price v. Lehtinen (In re Lehtinen), 332 B.R. 404, 410 (9th Cir. BAP 2005), aff'd, 564 F.3d 1052 (9th Cir. 2009) (quoting Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999)).

**B. Motion to Reconsider; Civil Rule 59(e)**

Jeffrey also complains that the bankruptcy court abused its discretion when it denied his motion to alter or amend the order denying Jeffrey's homestead exemption based upon Civil Rule 59(e), which applies in cases under the Code under Rule 9023. The Ninth Circuit has written:

"[A] motion for reconsideration should not be granted,

-15-

> absent highly unusual circumstances, unless the [] court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration "may **not** be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Marlyn Nutraceuticals, Inc. v. Mucos Parma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original); Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001) (amendment under Civil Rule 59(e)); Hagerman v. Yukon Energy Corp., 839 F.2d 407 (8th Cir. 1988).

The Ninth Circuit affirmed a district court's denial of reconsideration of three new pieces of evidence in Marlyn Nutraceuticals, writing: "Each of these pieces of evidence could have been introduced earlier in the litigation." 571 F.3d at 880. This language applies in the instant case, because Jeffrey was told at the § 341(a) meeting on April 9, 2014, that a homestead declaration might be needed for the Everett home, but he failed to file a declaration of homestead until after the bankruptcy court entered its order denying his homestead exemption on June 13, 2014.

"A party does not properly preserve an issue for appeal by raising it for the first time in a motion for reconsideration." Hendricks & Lewis PLLC v. Clinton, 766 F.3d 991, 998 (9th Cir. 2014) (quoting Self-Realization Fellowship Church v. Ananda Church of Self-Realization, 59 F.3d 902, 912 (9th Cir. 1995)). Jeffrey asserted his filed homestead declaration for the first time in his motion to alter or amend order, after the bankruptcy court denied

-16-

his claimed homestead exemption. The bankruptcy court denied his homestead exemption prior to the date Jeffrey filed his homestead declaration. As noted above, the debtors in Gitts not only recorded their homestead declaration before the bankruptcy court decided the trustee's objection to exemption, they also moved in two months before the court issued its decision and established their intent to reside at their property as of the petition date. In re Gitts, 116 B.R. at 175-76.

The Johnson Trust contends that newly discovered evidence justifying relief under Civil Rule 59(e) must be of facts existing at the time of trial or allowance of exemptions would always be in play and never finally decided. The Johnson Trust also contends that our decision in Errez v. James (In re Errez), 2010 WL 6452901 (9th Cir. BAP Mar. 24, 2010), controls. Conversely, Jeffrey argues that the homestead declaration does not have to be recorded "prior to the adjudication of bankruptcy in order for it to be effective."

Errez is an unpublished decision and was decided based upon Gitts and Wilson. 2010 WL 6452901, at *4-*5. The Panel distinguished Gitts on the same facts discussed above, namely that first, the debtors in Gitts recorded their homestead declaration before the bankruptcy court ruled on their exemption; and second, the evidence in Gitts was sufficient to establish the requisite intent to make their declared homestead their future residence as of the petition date, while in contrast, the evidence in Errez showed that the debtor had no intention of occupying his homestead because he had listed it for sale. Id. at *4.

Jeffrey contends that his § 341(a) testimony, Rule 2004

-17-

examination testimony and declarations filed with the bankruptcy court show a good faith intent to occupy the Everett home. The Johnson Trust argues that the bankruptcy court's finding that Jeffrey lacked the necessary intent to reside at the Everett home was not clearly erroneous and, thus, should be affirmed because Jeffrey did not demonstrate an actual, present intent to occupy and use the Everett home in the near or foreseeable future, because both Jeffrey and Edalyn lived and worked in Bellingham and showed no time line or ability to retire and reside at the Everett home. When two views of the evidence are possible, the bankruptcy court's choice between them cannot be clearly erroneous. Anderson, 470 U.S. at 574.

A Washington homestead declaration must "speak the truth" in order to be valid. In re Wilson, 341 B.R. at 27 (citation omitted). The homestead declaration in Wilson was found not to speak the truth because the debtor did not reside on the premises, nor could he reside there in the future because his divorce decree had divested him of his property interest and required that he be physically removed from the property. Id. at 26, 27. Thus, Wilson did not comply with the Washington requirement that he actually intended to occupy the residence; his declaration was not effective. Id. at 21.

In the instant appeal, Jeffrey did not reside at the Everett home on the date he filed his bankruptcy petition. He resided at a rental in Bellingham; the Everett home was leased to a tenant for a period of either 1 or 2 years, from which he received rent. The only evidence in the record that Jeffrey might intend to reside at the Everett home, as recognized by the bankruptcy court

-18-

in its order entered August 18, 2014, was Jeffrey's "self-serving declaration testimony" and "a declaration from his tenant." In contrast, Jeffrey's § 341(a) testimony demonstrates at best a potential that he will "[p]robably eventually live there." But when asked: "Do you have any firm plans right now to move into the [Everett home]," Jeffrey answered "No." Based upon the record, the bankruptcy court concluded there was "no evidence that [Jeffrey] is near retirement or has any specific plans to occupy the property."

The bankruptcy court denied Jeffrey's motion to alter or amend order, finding that no errors of law or fact occurred in its original order and that the court properly disallowed Jeffrey's claim of homestead based on the facts that existed at the time of the hearing. The bankruptcy court concluded that Debtor did not have a present intent to reside at the Everett home at the time he filed his bankruptcy petition, which is supported by the facts and is not clearly erroneous.

Based upon the evidence, we do not have a definite and firm conviction that a mistake has been committed by the bankruptcy court in its finding that Jeffrey failed to show a good faith intention to reside at the Everett home as of the petition date. See, e.g., In re Wilson, 341 B.R. at 26, 27. Furthermore, the bankruptcy court was not required to consider Jeffrey's declaration of homestead which was filed after the bankruptcy court's decision, even though the court considered it in arriving at its decision denying his motion to alter or amend order. Finally, under the facts presented, the bankruptcy court did not abuse its discretion in denying Jeffrey's motion for

-19-

reconsideration.

## VI. CONCLUSION

For the reasons stated, we AFFIRM the bankruptcy court's orders denying Jeffrey's claim of homestead exemption and denying Jeffrey's motion to alter or amend the order denying Jeffrey's homestead exemption.